### In re SMITH.

Court of Appeals of District of Columbia.

Submitted November 16, 1927. Decided December 5, 1927.

No. 1964.

Patents ⬤⟿22—Adapting mechanical device to device shown in applicant's prior patents held not "invention."

Adapting mechanical device, which was old, to device shown in applicant's prior patents, *held* not to constitute "invention."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Invention.]

Appeal from the Commissioner of Patents.

In the matter of the application of Jesse A. B. Smith for a patent. From decisions rejecting certain claims, the applicant appeals. Affirmed.

B. C. Stickney and L. H. Campbell, both of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from Patent Office decisions rejecting three claims relating to a work support and typewriter machine; claim 1 reading as follows:

"1. An apparatus for typing upon sundry work webs selectively, including the combination of a typewriting machine, to which the forward end of any of the webs can be connected singly, a stand upon which the typewriting machine is supported, and a carrier movable as a unit for the webs, comprising a series of separated receptacles supported on said carrier below the typewriting machine, for containing the work web packs, said carrier movable in order to present each of said receptacles singly and one after another to and below the typewriting machine."

The device to which these claims relate is a typewriter known as a continuous billing machine, adapted to write upon a series of webs; the webs being provided with printed forms. In order to supply different forms to the machines, applicant uses a detachable carbon carrier, which holds the webs with its interleaved carbon sheets and feeds them to the machine. In practice, it sometimes is desirable for the operator to shift from one type of form to another. In the specific embodiment of the applicant, the carriers are mounted on the spokes of the wheel, which in turn is mounted on a shaft journaled in lugs on the typewriter stand and in such relation that, as the wheel is turned, the successive trays are brought into convenient coordination with the typewriter.

The only material difference between the device here involved and that disclosed in applicant's prior patents (No. 1,358,033, November 9, 1920; No. 1,380,746, June 7, 1921) is in the substitution of the revolving carrier for the sliding drawers of the prior patents. Each of the tribunals of the Patent Office has ruled that this change did not rise to the dignity of invention. Applicant has cited In re Eastwood, 33 App. D. C. 291, and In re Katzenberger, 46 App. D. C. 539. In each of those cases the references were from 10 to 23 years old, and the court was convinced that the new combination, resulting as it did in a decided improvement in the art, involved more than mere mechanical

skill. The present application was filed June 27, 1921, which it will be noted was almost contemporaneous with the two references. The reel type of carrier was old, and we are constrained to agree with the Patent Office that invention was not involved in adapting it to the device shown in applicant's prior patents.

The decision is affirmed.

Affirmed.